UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

AXIS STEEL DETAILING, INC.,

        Plaintiff,

- against -

ST. GEORGE OUTLET DEVELOPMENT LLC,
BFC PARTNERS DEVELOPMENT LLC,
BFC PARTNERS, L.P., LPCIMINELLI, INC.,
LPCIMINELLI CONSTRUCTION CORP.
and DOES 1-100,

        Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

Case No.

**COMPLAINT**

**JURY DEMANDED**

      Plaintiff, AXIS STEEL DETAILING, INC., by its attorneys, Klapper & Fass, as and for its Complaint, alleges as follows:

**JURISDICTION AND VENUE**

      1.    This Court has personal jurisdiction over Defendants by virtue of their transacting and doing business in the Eastern District of New York, through, among other things, their involvement and participation in a certain real estate development project situated in the County of Richmond, City of New York, State of New York, and because a substantial part of the relevant events occurred in this District, and because a substantial part of the property that is the subject of this action is situated here, and because one or more of the Defendants who are all residents of New York, resides in this District.

      2.    This court has subject matter jurisdiction pursuant to 17 U.S.C. §§ 1331 and 1338 as to Counts One and Two of this Complaint. This Court has supplemental jurisdiction

over the subject matter of Counts Three through Six as these claims are so related to the federal claim that they form part of the same case or controversy.

3. Venue in this District is proper under 28 U.S.C. § 1391(b) and 28 U.S.C. § 1400(a).

**THE PARTIES**

4. Plaintiff, AXIS STEEL DETAILING, INC. ("Plaintiff") is a foreign corporation, organized in the State of Utah, with its principal office located in Lehi, Utah.

5. Defendant, ST. GEORGE OUTLET DEVELOPMENT LLC ("St. George") is a New York limited liability company and has its principal office in Brooklyn, New York.

6. Defendant, BFC PARTNERS DEVELOPMENT LLC ("BFC Development") is New York limited liability company and has its principal office in Brooklyn, New York.

7. Defendant, BFC Partners, L.P. ("BFC Partners") is a New York limited partnership and has its principal office in Brooklyn, New York.

8. Upon information and belief, defendants St. George, BFC Development and BFC Partners are related companies (sometimes hereinafter collectively referred to as the "Owner Defendants"), and are named defendants herein in that one, some or all of said defendants are liable to Plaintiff for the claims herein alleged.

9. Defendant, LPCIMINELLI, INC. ("LPC") is a New York corporation with its principal office in Buffalo, New York.

10. Defendant, LPCIMINELLI CONSTRUCTION CORP. ("LPC Construction") is a New York corporation with its principal office in Buffalo, New York.

11. Upon information and belief, defendants LPC and LPC Construction are related companies (sometimes hereinafter collectively referred to as the "LPCiminelli Defendants"), and are named defendants herein in that either or both of said defendants are liable to Plaintiff for the causes of action herein alleged.

12. The Owner Defendants and the LPCiminelli Defendants are sometimes hereinafter referred to collectively as the "Defendants".

13. The true names and capacities, whether individual, corporate, or otherwise, of the Defendants sued as Does 1 through 100 are unknown to Plaintiff, who, therefore, sues them by such fictitious names. At such time as their true names and capacities have been ascertained, Plaintiff will seek leave of Court to amend this Complaint accordingly. On information and belief, Plaintiff alleges that each of Does 1 through 100 was the agent, representative, or employee of each of the other Defendants and was acting at all times within the scope of his/her agency or representative capacity, with the knowledge and consent of the other Defendants, and that each of Does 1 through 100 are liable to Plaintiff in connection with one or more of the claims sued upon here and are responsible in some manner for the wrongful acts and conduct alleged here.

## FACTS COMMON TO ALL COUNTS

14. Plaintiff is in the business of providing design and consulting services for the fabrication of steel structures, including, but not limited to, structural, architectural, and

fabrication modeling; structural steel and full steel shop drawings, detailed erection plans and anchor bolt drawings.

15. On or about January 21, 2016, Plaintiff entered into a contract (the "Contract") with Metropolitan Steel Industries/Steelco. ("Steelco."), a company based in Sinking Spring, PA., engaged in the business of steel fabricating, to provide shop and structural drawings (the "Services") for a steel structure to be constructed in connection with the development of a retail Outlet building or mall (the "Project") known as Staten Island Empire Outlets, located at Richmond Terrace, Staten Island, New York.

16. The owner and developer of the Project are the Owner Defendants.

17. Upon information and belief, the LPCiminelli Defendants acted as either construction manager or general contractor of the Project.

18. Upon information and belief, Steelco had a contract with the Owner Defendants to fabricate the steel structure for the Project.

19. The Contract provides that Plaintiff will commence work on the Services on January 21, 2016 and provide an Advanced Bill of Materials, used to order material by February 12, 2016 with sequencing submittals every two weeks thereafter.

20. As of February 23, 2016, pursuant to the Contract, Plaintiff completed and provided to Steelco, the Owner Defendants and the LPCiminelli Defendants the Advanced Bill of Materials, Anchor Bolts and Templates and the Base Contract (the "Initial Services"), and invoiced Steelco for $50,000.00 (the "Invoice").

21. Prior thereto, the LPCiminelli Defendants were in direct communication with Plaintiff concerning the status of the Services.

22. Steelco failed and refused to pay the Invoice.

23. In or about March 2016, the Owner Defendants terminated the services of Steelco.

24. Subsequent to the said termination of Steelco, the Owner Defendants and the LPCiminelli Defendants requested that Plaintiff deliver to the Owner Defendants and the LPCiminelli Defendants Plaintiff's work product as represented by the Initial Services, additional work product (the "Additional Work Product") that Plaintiff had generated subsequent to the Invoice as contemplated by the Contract, continue providing the Services and use Plaintiff's expertise, experience and knowledge of the steel fabricating industry to recommend another steel fabricator to replace Steelco.

25. In requesting that Plaintiff use its expertise, experience and knowledge of the steel fabricating industry to recommend another steel fabricator, the Defendants advised Plaintiff that it was important to Defendants to keep the construction of the Project on schedule and to have Plaintiff continue providing Services so as to ease the transition to a new steel fabricator.

26. On or about March 17, 2016, Plaintiff met with the Owner Defendants and the LPCiminelli Defendants to discuss payment of the Invoice, said Defendants' use of the Initial Services and the Additional Work Product, as well as Plaintiff's continuation of the Services as specified in the Contract.

27. At that time, at the request and for the benefit of the Owner Defendants and the LPCiminelli Defendants, and in reliance upon the representations of said Defendants that they would pay the Invoice and pay Plaintiff for the performance of the Services in accordance with the terms and conditions of the Contract, including, but not limited to, the Initial Work and

the Additional Work, Plaintiff provided said Defendants with the Additional Work Product, and agreed to continue to provide the Services as set forth in the Contract.

28. In furtherance of the agreement reached with the Defendants, as above described, Plaintiff made a specific recommendation for a steel fabricator to replace Steelco.

29. The reasonable value of the Initial Services and the Additional Work Product is at least $50,000.00.

30. Despite the agreement of the Owner Defendants and the LPCimenelli Defendants to pay for the Invoice, the Additional Work Product and for the Services under the Contract as and when produced by Plaintiff, said Defendants failed and refused to pay for the Invoice and the Additional Work Product.

31. The work product produced by Plaintiff for the Project as represented by the Initial Services and the Additional Work Product is proprietary (hereafter the "Copyright") to Plaintiff and was produced with proprietary computer software owned by and for the exclusive use of Plaintiff and permitted users authorized by Plaintiff.

32. On May 19, 2017, Plaintiff registered the Copyright with the United States Copyright Office under Registration Number TXu 2-030-963, covering said computer software which is used by Plaintiff in connection with the design services it provides to its clients, including the Initial Services and the Additional Work Product.

33. Upon information and belief, the Owner Defendants and the LPCiminelli Defendants used the Copyright in connection with the work product represented by the Initial Services and the Additional Work Product for the construction of the Project.

## COUNT ONE

### (Direct Copyright Infringement and Related Claims
### Pursuant to 17 U.S.C. §101 et seq.)

34. Plaintiff repeats and realleges paragraphs 14 through 33, inclusive, as though more fully set forth herein.

35. By their actions alleged in this Complaint, Defendants have directly infringed Plaintiff's Copyright.

36. Defendants reproduced the Initial Services and the Additional Work Product and created, or allowed to be created, derivative works based on them, and have used the Copyright without permission of Plaintiff.

37. Plaintiff is further entitled to recover from the Defendant the damages it has sustained and will sustain, and any gains, profits and advantages obtained by the Defendants as a result of the Defendants' willful acts of infringement alleged in this Complaint.

38. Defendants' infringing conduct has also caused and is causing substantial and irreparable injury and damage to Plaintiff in an amount not capable of determination, and, unless restrained, will cause further irreparable injury, leaving the Plaintiff with no adequate remedy at law.

## COUNT TWO

### (Contributory Copyright Infringement and Related Claims
### Pursuant to 17 U.S.C. §101 et seq.)

39. Plaintiff repeats and realleges paragraphs 14 through 33, inclusive, as though more fully set forth herein.

40. Defendants' conduct, as alleged in this Complaint, constitutes contributory infringement of Plaintiff's Copyright.

41. Defendant directly encouraged, facilitated, and/or induced the unauthorized use, reproduction, adaptation and distribution of the Copyright by others; thus, Defendants are contributorily liable for Plaintiff's damages resulting from same.

42. Plaintiff is entitled to recover from the Defendants the damages it has sustained and will sustain, and any gains, profits and advantages obtained by Defendants as a result of the Defendants' contributory infringements alleged in this Complaint.

43. Defendants' infringing conduct has also caused and is causing substantial and irreparable injury and damage to Plaintiff in an amount not capable of determination, and, unless restrained, will cause further irreparable injury, leaving the Plaintiff with no adequate remedy at law.

## COUNT THREE

### (Breach of Contract)

44. Plaintiff repeats and realleges paragraphs 14 through 33, inclusive, as though more fully set forth herein.

45. By reason of the foregoing, Plaintiff and Defendants reached an agreement that Plaintiff would continue to provide the Services under the Contract, and that the Defendants would compensate Plaintiff in accordance with the terms and conditions of the Contract, including, without limitation, the Initial Services and the Additional Work Product.

46. Pursuant to said agreement, Plaintiff performed all of the obligations it was required to perform.

47. By reason of the foregoing, the Owner Defendants and the LPCiminelli Defendants breached said agreement.

48. By reason of the foregoing, Plaintiff has been damaged in an amount to be determined at trial, but reasonably believed to be at least $50,000.00 plus interest from March 17, 2016.

## COUNT FOUR

### (Unjust Enrichment)

49. Plaintiff repeats and realleges paragraphs 14 through 33, inclusive, as though more fully set forth herein.

50. The Owner Defendants and the LPCiminelli Defendants used the Initial Services and the Additional Work Product in the construction of the Project and thereby benefited therefrom.

51. The Owner Defendants and the LPCiminelli Defendants failed and refused to pay for Plaintiff's work product, including, without limitation, the Initial Services, the Invoice and the Additional Work Product.

52. By reason of the foregoing, Plaintiff has been damaged in an amount to be determined at trial, but reasonably believed to be at least $50,000.00 plus interest from March 17, 2016.

## COUNT FIVE

### (Conversion)

53. Plaintiff repeats and realleges paragraphs 14 through 33, inclusive, as though more fully set forth herein.

54. The Owner Defendants and the LPCiminelli Defendants used the Initial Services and the Additional Work Product without the permission and consent of Plaintiff, thereby converting Plaintiff's property for said Defendants use and benefit.

55. The aforesaid conduct of Defendants was willful, wrongful, wanton, and entirely devoid of care all of which would raise the presumption of conscious indifference to the consequences of such conduct.

56. By reason of the foregoing, Plaintiff has been damaged in an amount to be determined at trial, but reasonably believed to be at least $50,000.00 plus interest from March 17, 2016.

57. By reason of the foregoing, Plaintiff is entitled to punitive and exemplary damages of at least $250,000.00.

## COUNT SIX

### (Common Law Unfair Competition)

58. Plaintiff repeats and realleges paragraphs 14 through 33, inclusive, as though more fully set forth herein.

59. By reason of the foregoing, the Defendants have engaged, and are continuing to engage, in acts of unfair competition in violation of the common law.

60. Such conduct on the part of Defendants has caused and will continue to cause irreparable injury to Plaintiff, for which Plaintiff has no adequate remedy at law.

61. Such conduct on the part of Defendants has caused and will continue to cause damages to Plaintiff in an amount to be determined at trial, but reasonably believed to be at least $50,000.00 plus interest from March 17, 2016.

**WHEREFORE**, the Plaintiff prays that Judgment be entered in Plaintiff's favor as follows:

1. On Count One:

   a. Declaring that Defendants' unauthorized conduct violates Plaintiff' rights under common law and the Federal Copyright Act;

   b. Immediately and permanently enjoining Defendants, their officers, directors, agents, servants, employees, representatives, attorneys, related companies, successors, assigns, and all others in active concert or participation with them from utilizing, copying, distributing and republishing any of Plaintiff's copyrighted material without consent or otherwise infringing Plaintiff's Copyright or other rights in any manner;

   c. Ordering Defendants to account to Plaintiff for all gains, profits, and advantages derived by Defendants by their infringement of Plaintiff's Copyright or such damages as are proper; and

   d. Awarding Plaintiff actual damages for Defendants' copyright infringement in an amount to be determined at trial, but reasonably believed to be in excess of $50,000.00;

2. On Count Two:

   a. Declaring that Defendants' unauthorized conduct violates Plaintiff' rights under common law and the Federal Copyright Act;

   b. Immediately and permanently enjoining Defendants, their officers, directors, agents, servants, employees, representatives, attorneys, related companies, successors, assigns, and all others in active concert or participation with them

       from utilizing, copying, distributing and republishing any of Plaintiff's copyrighted material without consent or otherwise infringing Plaintiff's Copyright or other rights in any manner;

   c. Ordering Defendants to account to Plaintiff for all gains, profits, and advantages derived by Defendants by their infringement of Plaintiff's Copyright or such damages as are proper; and

   d. Awarding Plaintiff actual damages for Defendants' copyright infringement in an amount to be determined at trial, but reasonably believed to be in excess of $50,000.00

3. On Count Three, that Plaintiff be awarded damages against the Defendants, and each of them, in an amount to be determined at trial, but reasonably believed to be at least $50,000.00 plus interest from March 17, 2016.

4. On Count Four, that Plaintiff be awarded damages against the Defendants, and each of them, in an amount to be determined at trial, but reasonably believed to be at least $50,000.00 plus interest from March 17, 2016.

5. On Count Five, that Plaintiff be awarded damages against the Defendants, and each of them, in an amount to be determined at trial, but reasonably believed to be at least $50,000.00 plus interest from March 17, 2016, and punitive and exemplary damages of at least $250,000.00.

6. On Count Six, that Plaintiff be awarded (a) an injunction that temporarily, preliminarily, and permanently enjoins Defendants and their officers, employees, agents, successors and assigns, and all those in active concert and participation with them, and each of them who receives notice directly or otherwise of such injunctions, from using, implementing, copying, reproducing or disseminating Plaintiff's intellectual property and any proprietary computer software associated with such intellectual property as represented by the Initial Services, the Additional Work Product as well as any other plans, drawings, schematics, models or renderings produced by Plaintiff for the construction and development of the Project; and (b) damages in an amount to be determined at trial, but reasonably believed to be at least $50,000.00 plus interest from March 17, 2016.

7. That Plaintiff be awarded its reasonable attorney's fees and costs.

8. That this Court grant such other just and reasonable relief as it deems proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues triable by a jury in the above-entitled action.

Dated: January 4, 2018
White Plains, New York

Respectfully submitted,

KLAPPER & FASS
Attorneys for Plaintiff
By:

_____
Daniel A. Fass, Esq.
170 Hamilton Avenue
White Plains, New York 10601
(914) 287-6466